**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

_____ )
                                              )

| | |
|---|---|
| **M.Y.W.J., Michael Geovanny Williams Castillo** ) <br> As Next Friend of Minor, ) <br> _Petitioner_, ) <br> v. ) <br> ) | **Civil Action No. 4:26-cv-1559** |
| **Miguel Vergara,** ) <br> **Field Office Director,** ) <br> **Harlingen Field Office,** ) <br> **United States Immigration and** ) <br> **Customs Enforcement (ICE)** ) <br> ) | **PETITION FOR WRIT OF HABEAS CORPUS** |
| **Todd Lyons,** ) <br> **Acting Director,** ) <br> **United States Immigration and** ) <br> **Customs Enforcement (ICE),** ) <br> ) | **ORAL ARGUMENT REQUESTED** |
| **Kristi Noem,** ) <br> **Secretary of the Department of** ) <br> **Homeland Security, (DHS),** ) <br> ) | |
| **Pamela Jo Bondi,** ) <br> **Attorney General of the** ) <br> **United States of America,** ) <br> ) | |
| **Robert F. Kennedy, Jr.,** ) <br> **Secretary of the U.S. Department of** ) <br> **Health and Human Services,** ) <br> ) | |
| **Angie Salazar,** ) <br> **Acting Director of the HHS Office of** ) <br> **Refugee Resettlement,** ) <br> ) | |
| **Andrew Gradison,** ) <br> **Acting Assistant Secretary of the** ) <br> **HHS Administration for Children** ) <br> **and Families, and** ) <br> ) | |
| **John/Jane Doe,** ) <br> **ORR Federal Field Specialist** ) <br> **Supervisor, in their official capacities** ) <br> ) | |
| _Respondents_. ) <br> _____ ) | |

## INTRODUCTION

1.      This is a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on behalf of M.Y.W.J., native and citizen of Honduras, by and through his attorneys, seeking relief to remedy his unlawful prolonged detention and removal from the United States by Respondents.

2.      On or about June 30, 2025, Petitioner entered the U.S. as a minor child, then 16 years old. Petitioner encountered immigration (upon information and belief, Customs and Border Patrol) and was designated an Unaccompanied Minor Child (UAC). CBP transferred Petitioner into federal custody. Although initially placed under the responsibility of the Office of Refugee Resettlement ("ORR"), Petitioner has remained continuously detained since June 2025 and is currently detained by U.S. Immigration and Customs Enforcement ("ICE").

3.      Petitioner is presently confined at Hands of Healing Casa Harlingen, a facility located in or near Harlingen, Texas, where he remains in ICE custody.

4.      Given Petitioner's age and vulnerability as a minor, continued detention serves no legitimate governmental purpose and has caused harm beyond that experienced by an adult detainee.

5.      Petitioner's continued detention violates due process, the child-protective purposes of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and the principles governing the care and release of minors under federal law.

### CUSTODY

6.      Petitioner is within the physical custody of Respondent Miguel Vergara, Director of Harlingen Field Office, U.S. Immigration and Customs Enforcement (ICE); the

Department of Homeland Security (DHS). Upon information and belief, Petitioner is currently detained at the Hands of Healing Casa in Harlingen, Texas. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

7.    This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (*habeas corpus*), Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause), and the Fifth Amendment to the United States Constitution (Due Process Clause).

9.    This Court has jurisdiction under 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States.

10.    This Court may grant relief under the *habeas corpus* statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All-Writs Act, 28 U.S.C. § 1651.

## VENUE

11.    Venue is proper in this District because Petitioner is detained within this District. Upon information and belief, Petitioner, a fifteen-year-old minor, was initially detained by U.S. Customs and Border Protection upon entry on June 30, 2025, designated as an Unaccompanied Alien Child, and placed in the custody of the Office of Refugee Resettlement ("ORR"). Thereafter, Respondents placed Petitioner under the control or custody of U.S. Immigration and Customs Enforcement ("ICE") while he remained physically confined in Harlingen, Texas, within the Southern District of Texas. At the time

of filing this Petition, Petitioner is confined at Hands of Healing Casa Harlingen in Harlingen, Texas, and is detained under the authority, actual or constructive, of ICE.

12.     Venue is proper in this District because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving rise to Petitioner claims occurred in this District and Petitioner(s) resides in this District and no real property is involved in this action. 28 U.S.C. § 1391(e).

**REQUIREMENTS OF 28 U.S.C. § 2243**

13.     The Court must grant the petition for writ of *habeas corpus* or issue an order to show cause (OSC) to the Respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

14.     Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

**PARTIES**

15.     Petitioner is an Unaccompanied Alien Child ("UAC") from Honduras. At all relevant times, Petitioner has been a minor. Upon information and belief, Petitioner is detained in or near Harlingen, Texas, and is in the custody, and under the actual or constructive control, of Respondents and their agents.

16.     Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice

(DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

17.     Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner detention and custody. Respondent Noem is a legal custodian of Petitioner.

18.     Respondent Robert F. Kennedy Jr. is sued in his official capacity and is the Secretary of HHS, which is comprised of his operating division ACF, and subsequently ORR, the component agency responsible for Petitioner detention and custody. Respondent is a legal custodian of Petitioner.

19.     Respondent Todd Lyons is sued in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement. Respondent Lyons is a legal custodian of Petitioner.

20.     Respondent Angie Salazar is the Acting Director of ORR, the component of the U.S. Department of Health and Human Services (HSS) responsible for implementing HSS's obligations to unaccompanied minors who are immigrants. ORR is the government entity directly responsible for the detention of Petitioner and has the authority to release him. Respondent Salazar is sued in her official capacity. Respondent is a legal custodian of Petitioner.

21.     Respondent Andrew Gradison is sued in his official capacity as the Acting Assistant Secretary for ACF. ACF is the operating division of HHS, is the agency

responsible for the welfare of children and families and is comprised of 23 offices including ORR, the component agency responsible for Petitioner detention and custody. Respondent is a legal custodian of Petitioner.

22.     Respondent John/Jane Doe is sued in their official capacity as an ORR Federal Field Specialist Supervisor (FFS). Federal Field Specialist Supervisors are government officials responsible for the care and custody of children in ORR facilities and supervise Federal Field Specialists. In this role, FFS Supervisor John/Jane Doe is responsible for determining Petitioner placement and has authority to approve his release to an appropriate sponsor's care. Respondent is responsible for the legal custody of Petitioner.

23.     Respondent Miguel Vergara is sued in his official capacity as the Director of the Harlingen Field Office of U.S. Immigration and Customs Enforcement. Respondent Miguel Vergara is a legal custodian of Petitioner and has authority to release him.

## STATEMENT OF FACTS

24.     On or about June 30, 2025, Petitioner entered the United States under the age of eighteen (18) and without an accompanying parent or legal guardian.

25.     Petitioner encountered officers of the Department of Homeland Security ("DHS"), was designated an Unaccompanied Alien Child ("UAC"), and was initially detained by U.S. Customs and Border Protection before being placed in the custody of the Office of Refugee Resettlement ("ORR").

26.     DHS initiated removal proceedings against Petitioner on or about June 30, 2025, by filing a Notice to Appear with the Executive Office for Immigration Review ("EOIR"). Petitioner's immigration proceedings remain pending with the next scheduled court date of March 18, 2026.

27. Upon information and belief, after being placed in ORR custody, Respondents thereafter transferred or placed Petitioner under the authority, control, or custody of U.S. Immigration and Customs Enforcement ("ICE") while Petitioner remained physically confined in Harlingen, Texas. Respondents have failed to provide clear notice or documentation identifying the precise date, authority, or legal basis for any transfer of custody from ORR to ICE.

28. Petitioner is presently confined under ICE custody at Hands of Healing Casa Harlingen, a facility located in or near Harlingen, Texas.

29. On July 22, 2025, ORR required a DNA test to resolve a discrepancy related to the proposed sponsor's identification. On August 4, 2025, DNA test results were received and confirmed the claimed familial relationship.

30. On August 13, 2025, ORR requested additional documentation from the sponsor.

31. On August 20, 2025, following submission of the requested documentation, Petitioner's case was staffed with the Division of Children's Services ("DCS") Field-Focused Services ("FFS") for approval.

32. Between August 29, 2025, and September 3, 2025, Petitioner's case remained pending FFS and ORR Headquarters review.

33. From September 3, 2025, through October 19, 2025, the case continued to remain pending ORR Headquarters approval without resolution.

34. On October 20, 2025, the original sponsor, Petitioner's father, submitted a formal withdrawal to permit consideration of an alternative sponsor, Petitioner's grandfather.

35. On October 24, 2025, the withdrawal was declined by DCS FFS, and additional information was requested.

36. On or about November 4, 2025, the child's father reported that he had been informed his sponsorship case was approved and that the child would be traveling to him on November 6, 2025 for reunification.

37. Despite those representations, on November 6, 2025, ORR informed the father that although the he had been approved for an identification waiver, the approval had been rescinded pending further instruction from ORR Headquarters.

38. As of November 5, 2025, and continuing to the present, ORR has stated that Petitioner's case is "on hold pending DCS FFS re-approval."

39. Petitioner reports feeling trapped, bored, and overwhelmed as a result of his prolonged detention. He has experienced emotional distress caused by the uncertainty of his legal situation, the length of his confinement, and his continued separation from family. Petitioner has consistently expressed that his sole desire is to be released from custody so that he may reunite with his father and brother in the United States.

40. Given Petitioner's age and vulnerability as a minor, continued detention under these circumstances serves no legitimate governmental purpose and has caused harm beyond that experienced by an adult detainee.

41. Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment, the child-protective purposes of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and the principles governing the care and release of minors under federal law.

42. As a result of repeated administrative delays, reversals, and lack of final action, Petitioner remains detained despite sustained efforts to secure sponsor approval.

Upon information and belief, ICE intends to remove Petitioner from the US and return Petitioner to Honduras without notice, due process and without an order of removal from the Immigration Court (EOIR).

## LEGAL FRAMEWORK

43.    Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of *habeas corpus* or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief. If the Court issues an order to show cause, Respondents must file a response "within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243 (emphasis added).

44.    It is well established that the Fifth Amendment entitles noncitizens to due process of law in deportation proceedings. *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). *Zadvydas v. Davis* further reinforces this by stating that freedom from imprisonment, or any form of governmental physical restraint "lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. 678, 690 (2001).

45.    This fundamental due process protection applies to both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., *dissenting*) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious."). It also protects noncitizens who have been ordered removed from the United States and who face continuing detention. *Id.* at 690.

46.    Individuals subject to removal proceedings are statutorily required to have an opportunity to examine evidence against them and to be heard. Pursuant to 8 U.S.C. § 1229a(b)(1)(B), the alien subject to removal proceedings "shall have a reasonable

opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government […]."

47.    Moreover, an immigration judge shall make the determination of whether an alien is removable at the conclusion of removal proceedings and based on only the evidence produced at the hearing. 8 U.S.C. § 1229a(c)(1)(A).

48.    Absent a final removal order, an alien may be removed under specific circumstances, such as expedited removal (INA § 235(b)(1); 8 U.S.C. § 1225(b)(1)), reinstatement of removal (INA § 241(a)(5); 8 U.S.C. § 1231(a)(5)), stipulated removal (8 C.F.R. § 1003.25(b)), or administrative removal for aggravated felons (INA § 238(b); 8 U.S.C. § 1228(b)). None of those specific circumstances apply to Petitioner.

49.    Unaccompanied Minor Children (UACs) are afforded additional protections pursuant to the Trafficking Victims Protection Act (TVPRA) and *Flores* Settlement Agreement (See *Jenny Lisette Flores, et. al., vs. Janet Reno, Attorney General of the United States, et al.,* 85-cv4544, (C.D. Cal. 1997).

50.    Pursuant to the *Flores* Settlement Agreement and litigation, UAC that enter the US are required to be transferred out of CBP or ICE custody within 72 hours of entering the U.S. UACs that are not released to a sponsor are to continue to be housed in "temporary licensed program" in the U.S. See *Flores* Settlement Agreement, Paragraph 19.

51.    In 2003, the US Congress established that UACs shall be in the care and custody of ORR, which is a sub-agency to the Administration of Children and Family Services (ACF). ACF is a sub-agency of the Office of Health and Human Services (HHS). Specifically, 45 C.F.R. § 410 – Care and Placement of Unaccompanied Children, as authorized by section 462 of the Homeland Security Act of 2002 and section 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA),

provides that UACs shall be in the care and custody of ORR and that ORR shall place UACs in the "least restrictive setting". 45 C.F.R. § 410.1003(f).

## CLAIMS FOR RELIEF

## COUNT ONE

### Violation of TVPRA

52.    The allegations in the above paragraphs are realleged and incorporated herein.

53.    Petitioner detention in the custody of ICE violates the TVPRA (2008).

54.    The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, provides, "Consistent with section 462 of the Homeland Security Act of 2022, (6 U.S.C. 279), and except as otherwise provided under subsection (a), the care and custody of all unaccompanied alien children, including the responsibility for their detention, where appropriate, shall be the responsibility of the Secretary of Health and Human Services". 8 U.S.C. §1232(b)(1).

55.    Upon information and belief, in or about September 2025, Respondents transferred or placed Petitioner under the authority, custody, or control of U.S. Immigration and Customs Enforcement ("ICE") while he remained a minor, without adequate notice or lawful justification, and without compliance with the protections afforded to unaccompanied children under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). As a result, Petitioner has remained unlawfully detained.

56.    For these reasons, Respondents' actions in placing and maintaining Petitioner, a minor, under ICE custody and control violate the Trafficking Victims Protection Reauthorization Act ("TVPRA").

## COUNT TWO

**Violation of 45 C.F.R. §410**

57.    The allegations in the above paragraphs are realleged and incorporated herein.

58.    45 C.F.R. §410 "governs those aspects of the placement, care, and services provided to unaccompanied children in Federal custody by reason of their immigration status and referred to the Unaccompanied Children Program (UC Bureau) as authorized by section 462 of the Homeland Security Act of 2002, Public Law 107-296, 6 U.S.C. 279, and section 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Public Law 110-457, 8 U.S.C. 1232. This part includes provisions implementing the settlement agreement reached in *Jenny Lisette Flores* v. *Janet Reno, Attorney General of the United States,* Case No. CV 85-4544-RJK (C.D. Cal. 1996).

59.    Pursuant to § 410.1003, "ORR shall place each unaccompanied child in the least restrictive setting that is in the best interests of the child".

60.    For these reasons, Petitioner detention by ICE, or agents thereof, violates 45 C.F.R. §410.

## COUNT THREE

**Violation of 8 U.S.C. § 1229a(b)(1)(B)**

61.    The allegations in the above paragraphs are realleged and incorporated herein.

62.    The Immigration and Nationality Act (INA) at 8 U.S.C. § 1229a(b)(1)(B) requires that an alien subject to removal proceedings be given a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government. Petitioner next immigration court hearing is schedule for on March 18, 2026 in Harlingen, TX. Petitioner has not had a reasonable opportunity to examine the evidence against him, present evidence on his own

behalf or cross-examine witnesses prior to his detention. No final removal order has been entered. The reason for Petitioner detention is unknown.

63.     Furthermore, should Respondents transfer Petitioner to facilities outside of the Harlingen, TX Immigration Court's jurisdiction and/or remove Petitioner from the United States before an Immigration Judge has fully adjudicated their case and entered a removal order, Petitioner will be permanently barred from exercising their rights under 8 U.S.C. §1229a(b)(1)(B).

64.     For these reasons, Petitioner's detention violates 8 U.S.C. § 1229a(b)(1)(B).

## COUNT FOUR

### Violation of 8 U.S.C. § 1229a(c)(1)(A)

65.     The allegations in the above paragraphs are realleged and incorporated herein.

66.     The INA at 8 U.S.C. § 1229a(c)(1)(A) states that an immigration judge shall decide whether an alien is removable from the United States based only on the evidence produced at the hearing.

67. Petitioner removal proceedings have not concluded. His upcoming Master Calendar Hearing is scheduled for March 18, 2026.

68. On information and belief, Respondents intend to remove Petitioner from the United States before the Immigration Court has made a decision about Petitioner's case and before the Immigration Court has entered a final order of removal.

69. Absent a removal order entered by an immigration judge, an alien may only be removed under specific circumstances. Under 8 U.S.C. § 1225(b)(1), individuals may be subject to expedited removal if they are arriving at a port of entry without proper documents, or if they entered without inspection and are caught within 100 miles of the border and within 14 days of entry. However, individuals are exempted from expedited removal if they are

Unaccompanied Minor Children (UACs) or have a fear of persecution upon return to their home country. Petitioner is not subject to expedited removal under 8 U.S.C. §1225 because at the time of their entry, they were designated a UAC.

70.    Additionally, Petitioner has not agreed in writing to be removed without a hearing and has not committed any crimes. Therefore, Petitioner is not subject to removal without a formal removal order from an immigration judge.

71.    For these reasons, Petitioner's detention violates 8 U.S.C. § 1229a(c)(1)(A).

## COUNT FIVE

**Violation of Equal Protection under the Due Process Clause of the Fifth Amendment**

72.    The allegations in the above paragraphs are realleged and incorporated herein.

73.    Petitioner is a national of Honduras. Respondents are attempting to remove the child of Honduran origin.

74.    National origin is a protected class under the Constitution, and any policy or practice that targets a class of persons based on national origin is subject to strict scrutiny. Accordingly, the government must show its actions are narrowly tailored to further a compelling government interest. U.S. Const. amend. XIV, § 1, *Yick Wo v. Hopkins,* 118 U.S. 356, 374 (1886); *Clark v. Jeter,* 486 U.S. 456, 461 (1988).

75.    Respondents' actions are not narrowly tailored and there is no compelling government interest that justifies their discrimination against this class of noncitizens based on their national origin.

## COUNT SIX

**Violation of Due Process – *Accardi* Doctrine**

76.    The allegations in the above paragraphs are realleged and incorporated herein.

77.    Respondents removed Petitioner from ORR custody and plan to remove Petitioner to Honduras in direct contravention of the Foundational Rule, which sets for binding regulations and obligation that Respondents must follow. See 45 C.F.R. 410 et seq. By failing to follow its own regulations, Respondents are violating due process under the Accardi doctrine.

78.    The *Accardi* doctrine holds that "government agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions." *See U.S. ex rel. Accardi v. Shaughnessy,* 347 U.S. 260 (1954). Failure to do so gives rise to a due process claim. *Jefferson v. Harris,* 285 F. Supp. 3d 173, 178 (Jan 4, 2018); *Wilkinson v. Legal Servs. Corp.,* 27 F. Supp. 2d 32, 34 n.3 (D.D.C. 1998).

## COUNT SEVEN

### Violation of 8.U.S.C. §1158, Asylum

79.    The allegations in the above paragraphs are realleged and incorporated herein.

80.    Petitioner has a well-founded fear of return to Honduras based on a protected characteristic and by an entity that the Honduran government is unable or unwilling to control.

81.    The INA provides, with certain exceptions, that "[a]ny alien who is physically present in the United States or arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title." 8 U.S.C. § 1158(a)(1).

82.    Respondents' removal of Petitioner violates 8 U.S.C. § 1158.

## COUNT EIGHT

**Violation of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA")**

**codified at 8 U.S.C. § 1231**

83. The allegations in the above paragraphs are realleged and incorporated herein.

84. FARRA prohibits the government from returning a noncitizen to a country where it is more likely than not that they would face torture.

85. Respondents' removal of Petitioner violates FARRA.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this court grant the following relief:

a.    Assume jurisdiction over this matter;

b.    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

c.    Declare that Petitioner's detention and removal violate the TVPRA, Equal Protection and Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1229a(b)(1)(B), and 8 U.S.C. § 1229a(c)(1)(A), the Accardi doctrine, 8.U.S.C. §1158 and FARRA;

d.    Issue a Writ of Habeas Corpus directing Respondents to immediately release Petitioner from detention, return him to his prior placement in ORR, prohibit Respondents from removing Petitioner from the jurisdiction of the Harlingen, Texas Immigration Court or from the United States, and provide Petitioner an opportunity to respond to the Government's evidence and allegations against him;

e.    Grant any further relief this Court deems just and proper.

Dated: February 25, 2026                    /S/Ruby L. Powers
                                            Ruby L. Powers
                                            Texas Bar No. 24057581
                                            Powers Law Group, P.C
                                            1311 Enid Street Houston, Texas 77009
                                            Tel. (713) 589-2085
                                            Fax. (713) 589-310

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, M.Y.W.J., and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of *Habeas Corpus* are true and correct to the best of my knowledge.

Dated this 25 day of February, 2026.

/s/ *Ruby L. Powers*
Ruby L. Powers
Texas Bar No. 24057581
Powers Law Group, P.C
1311Enid Street Houston, Texas 77009
Tel. (713) 589-2085
Fax. (713) 589-3101